### WASHINGTON NAT. INS. CO. v. ANDERSON.

### No. 11948.

Court of Civil Appeals of Texas. Dallas.

April 4, 1936.

Rehearing Denied May 9, 1936.

Geo. E. Hughes and Reed & Currie, all of Dallas, for appellant.

C. M. Whitehurst and Sessions & Shaeffer, all of Dallas, for appellee.

JONES, Chief Justice.

In a suit in a county court at law of Dallas county, Laura Anderson, appellee, recovered judgment against Washington National Insurance Company, appellant, on an insurance policy issued on the life of Perry Anderson, deceased husband of appellee, in the sum of $310, the face of the policy, with interest from the 1st day of November 1933, $37.20 as 12 per cent. penalty, and the sum of $150 as a reasonable attorney fee. The last two items draw interest at the rate of 6 per cent. per annum from October 29, 1934, the date of the judgment, and appellant has duly perfected an appeal. The facts are:

On August 17, 1933, appellant issued to deceased the life insurance policy in suit, and appellee was named as beneficiary. Perry Anderson died October 13, 1933. There is no question in this case but that the weekly premiums—25 cents per week —had been paid up to the time of deceased's death. There is no question but that, if entitled to recover, the right to recover the statutory penalty and a reasonable attorney fee allowed by judgment existed. Appellant bases this appeal on the claim that the insured falsely represented the condition of his health at the time the policy was issued, and falsely represented that he had not been treated for a serious disease for two years previous to the application, and falsely represented that he had not been examined by a physician within such specified time, and that by means of such misrepresentations he had practiced a fraud on appellant. Under the terms of the policy, such defense, if maintained, would be fatal to a recovery by appellee, for each of said defenses is material to the risk, and would avoid the policy. 24 Tex.Jur. 948 § 194, and authorities cited.

The case was tried to a jury, submitted on special issues, and, in response to such issues, the jury returned a verdict in effect as follows: (1) That at the time the insured, Perry Anderson, signed the application for insurance, he had not been treated by a physician for a serious disease within two years of the date of the issuance of the policy; (2) the insured, Perry Anderson, was in sound health at the time the policy in question was issued to him; (3) the insured, Perry Anderson, did not misrepresent the state of his health at the time he

264

made out his application for insurance; (6) the defendant company did not tender back the premium paid on the insurance policy. The findings of the jury are adverse to appellant on each of its alleged defenses.

Appellant requested peremptory instructions in its favor, objected to submission of each of the special issues, on the ground that there was no evidence to warrant such submission, filed a motion for judgment non obstante veredicto, and has duly assigned error on the adverse ruling of the court in respect to each of these matters. Each assignment of error is based upon the ground that there is no evidence to sustain any of the respective findings. The question therefore is, Is there evidence to sustain the findings?

A reputable physician of Dallas testified that he had treated the deceased, Perry Anderson, at the Baylor Clinic in May, 1933, and found him in a very serious condition, suffering from aneurism of the aorta, superinduced from syphilis in its tertiary stage; that he informed the deceased of his serious condition and insisted upon his coming back for a weekly treatment; that deceased came back two or three times and then stopped; that in October, 1933, on the day before deceased died, he again saw him in the hospital, and found him in a serious condition, suffering from an aneurism of the aorta, in line with his previous diagnosis, from the effect of which he died the following morning; that he asked for and obtained permission from appellee to make a post mortem examination, and by means of such examination discovered that his original diagnosis was correct; that the condition of the aneurism when he first saw deceased showed that it had existed previous thereto for at least three months. The written application for the policy, signed by deceased, showed that he had been treated for no serious disease for two years past, had been examined by no physician, and was in sound health.

The above is the effect of the evidence offered by appellant to maintain its defense against payment on the insurance policy.

The inspection report made by one of appellant's duly authorized inspectors certified that on August 18, 1933, the day after the date of the policy, but before its delivery, the insured appeared to be in good health; that insured had had no serious illness or injury in the last five years; that the inspector was satisfied as to the insurance risk, and approval of the issuance of the policy was recommended by this inspector.

Appellee, Laura Anderson, wife of deceased, testified that at the time of this report she and the deceased had been married for seven years; that during that entire time he had appeared to be in good health, had done manual labor all of this time, and had continued to do manual labor up until the day before his death; that within her knowledge he had not been treated for any disease other than for the "flu"; that she had always been in good health.

Previous to the issuance of the policy in suit, in 1931, appellant had issued to deceased and to appellee each an accident and sick benefit policy; in 1932 deceased had been paid $10 by appellant on this former policy for a week's illness caused by an attack of influenza. It was also shown that deceased intended to allow this former policy to lapse because of the amount of the weekly premiums, but was induced to take out the policy in suit because the premium payments were only one-half of the sum the other had been. This is all of the evidence offered by appellee to refute the contentions of appellant as to deceased's physical condition at the time policy was issued.

While the evidence offered by appellant is cogent, yet we cannot say that the verdict of the jury, in effect repudiating such evidence, is unsupported by any evidence, as contended by appellant in its various assignments. In other words, this case appears to be primarily one of fact, in which appellee's evidence was adopted rather than that of appellant's, and, though this court would likely have made different findings, yet the view of this court cannot be substituted for the findings of the jury, which has support in evidence. If the jury believed appellee when she testified that, during the last seven years of his life, the deceased had continually done manual labor, had the appearance of good health, had maintained approximately the same weight, and had only had an attack of the "flu," this would be inconsistent with so serious a physical condition as described by the evidence of appellant's medical testimony. The jury, therefore, did not exceed its power when they accepted appellee's evidence and refused that of appellant.

It necessarily follows that this case must be affirmed, and it is so ordered.

Affirmed.